UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-254-ZMB |
| | ) | |
| HENRRY MEDINA BUSTIO and VELOX | ) | |
| TRANSPORT SOLUTIONS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Velox Transport Solutions LLC and Henrry Medina Bustio's separate but virtually identical motions to dismiss or for more definite statement. Docs. 3, 13. Plaintiff Anthony Springer did not respond to either motion. As Springer failed to state a claim, the Court grants the unopposed motions and dismisses Count II of the Petition.

## BACKGROUND

### I.    Relevant Facts[1]

In April 2024, Bustio was driving a commercial tractor trailer on Interstate 70 as an agent of Velox. Doc. 8 ¶¶ 7–8. Springer was driving alongside him on the same stretch of road. *See id.* ¶¶ 6–7. Bustio moved into Springer's lane, striking his vehicle and injuring him in the process. *Id.* ¶¶ 10–11.

### II.    Procedural History

In December 2025, Springer filed his Petition in state court, asserting three claims: negligent operation of a motor vehicle; negligence *per se*; and negligent hiring, training, supervision, and retention. *Id.* Velox timely removed the suit, Doc. 1 ¶ 19, and filed its Motion to Dismiss the same day, Doc. 3. Bustio later filed a similar motion. Doc. 13. Because the deadline for Springer to respond has long since passed, *see* E.D. Mo. L.R. 4.01(c), the motions to dismiss are ripe for review.

---

[1] The Court accepts as true the following well-pled facts for the purpose of this motion. *See infra* at 2–3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

2

**DISCUSSION**

In Count II of the Petition, Springer asserts Defendants violated the Federal Motor Carrier Safety Regulations under a theory of negligence *per se*. Doc. 8 ¶ 24. But Defendants correctly argue that this claim must be dismissed because Springer failed to identify what specific conduct constituted a violation of those regulations or to address whetherthey set out an increased standard of care. As such, he has failed to plead a claim of negligence *per se*.

To establish a claim for negligence *per se*, a plaintiff must show: "1) a violation of the [law]; 2) the injured plaintiff was a member of the class of persons intended to be protected by the [law]; 3) the plaintiff's injury is of the type the [law]was designed to prevent; and (4) the violation of the [law] was the proximate cause of the injury." *Eickhoff v. Gelbach*, 611 S.W.3d 834, 841 (Mo. Ct. App. 2020). "Negligence per se results from the violation of a statute and the jury is instructed on the statutory standard of care instead of the care of a reasonable person." *Cisco v. Mullikin*, No. 4:11-CV-295-RWS, 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012) (citing *Lowdermilk v. Vescovo Bldg. & Realty Co.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002)). "Where a statute does not indicate specific conduct that constitutes a violation, and does not set out a statutory standard of care, it cannot be the basis of a negligence *per se* claim." *Malcich v. St. Louis Cnty*, No. 4:20-CV-1030-AGF, 2021 WL 3633703, at *3 (E.D. Mo. Aug. 17, 2021) (citation omitted).

Springer makes only a fleeting reference to the FMCS regulations and fails to identify the heightened standard of care necessary for a claim of negligence *per se*. *See Cisco*, 2012 WL 549504, at *2–3. Without a specific citation, it is impossible to determine from the sparse allegations if Springer's injures "were of the type these . . . regulations were intended to prevent" or if Defendants violated any of these regulations. Doc. 8 ¶¶ 26–28. And the Court is not obligated to sift through dozens of regulations on Springer's behalf in attempting to identify the relevant

3

provisions. *See, e.g.*, *ASARCO, LLC v. Union Pac. R.R. Co.*, 762 F.3d 744, 753 (8th Cir. 2014) ("Judges are not like pigs, hunting for truffles buried in briefs or the record." (citations omitted)). As such, pursuant to Rule 12(b)(6), the Court dismisses Count II.

<strong>CONCLUSION</strong>

Accordingly, the Court **GRANTS** Defendants' [3], [13] motions to dismiss or for more definite statement and dismisses Count II of Plaintiff Anthony Springer's Petition without prejudice.

So ordered this 23rd day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE