UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY SPRINGER,<br><br>Plaintiff,<br><br>v.<br><br>HENRRY MEDINA BUSTIO and VELOX TRANSPORT SOLUTIONS LLC,<br><br>Defendants. | ) | Case No. 4:26-CV-254-ZMB |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Anthony Springer's Motion to Remand. Doc. 23. Because 28 U.S.C. § 1332 is the only asserted basis for jurisdiction and Springer has stipulated to a damages limitation under the jurisdictional threshold, the Court must remand this case.

**BACKGROUND**

Springer originally brought this tort action against Defendants Henrry Bustio and Velox Transport Solutions in state court, asserting negligence claims stemming from an automobile collision. Doc. 8 ¶¶ 13–45. Springer alleges Bustio veered into his lane on the highway while operating a semi-truck on Velox's behalf and collided with his vehicle, injuring him in the process. *Id.* ¶¶ 6–11. Velox timely removed based on diversity jurisdiction, Doc. 1, and Springer moved to remand, Doc. 23. Because the parties are completely diverse, *see* Doc. 1 ¶¶ 5–8, the only issue is whether the amount in controversy exceeds $75,000. In his Motion to Remand, Springer emphasizes his limited medical expenses and the Defendants' prior settlement offers of $5,000 and $10,000. Doc. 23 at 2–3. For their part, Bustio and Velox argue that damages could reasonably exceed the jurisdictional threshold because Springer claims "serious and permanent injuries," Doc. 8 at 5, and demanded $1,237,065 and $90,000, Docs. 26-1, 26-2. In his reply, however, Springer certified that "damages do not exceed $75,000, exclusive of interest and costs." Doc. 27-1 at 1.

**LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. After removal, a plaintiff can move to remand on jurisdictional grounds, and relief must be granted if it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

Under section 1332, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The amount in controversy includes not only actual damages but also punitive damages and statutory attorney fees. *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). That amount is measured at the time of filing or, in the case of removal, at the time of removal. *Schubert v. Auto Owners Ins.*, 649 F.3d 817, 822–23 (8th Cir. 2011).

Generally, a defendant's notice of removal needs to include only a plausible amount-in-controversy allegation to establish federal jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But if a plaintiff challenges that allegation, the defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *In re Prempro*, 591 F.3d at 620 (8th Cir. 2010) (citation omitted). At that point, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted); *see also Peterson v. Travelers Indem.*, 867 F.3d 992, 995 (8th Cir. 2017) ("The legal certainty standard

is met where the legal impossibility of recovery is so certain as virtually to negative the [amount-in-controversy allegation]." (quotation and alterations omitted)).

**DISCUSSION**

Bustio and Velox primarily rely on the boilerplate language in Springer's Petition and his settlement demands to establish the amount in controversy. Doc. 26 at 2–3. To be sure, Springer's initial demand was aggressive, but he quickly lowered it to $90,000. *Id.* at 3. More importantly, Springer has now stipulated that "damages do not exceed $75,000, exclusive of interest and cost," Doc. 27-1. Bustio and Velox cannot meet their burden in light of this certification.

Though his Petition described his injuries as "serious and permanent," Springer did not—and could not—plead an exact damages amount. *See Ingram v. Procter & Gamble Paper Prods.*, No. 4:11-CV-549-CAS, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011) ("Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy in tort cases."). Nor does his boilerplate language sufficiently establish the amount in controversy. *McGuire v. J.B. Hunt Transp.*, No. 4:10-CV-746-MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("For the court to look to the petition and pre-judge the value of the case based on boiler plate verbiage designed to cover every eventuality that the evidence could conceivably show is patently unfair."). As such, the Court must consider other evidence to determine whether Bustio and Velox have satisfied their burden. *See, e.g.*, *Hawthorne v. Lees Sec.*, No. 4:26-CV-666-SPM, 2026 WL 2291414, at *2 (E.D. Mo. Aug. 6, 2026) (collecting cases).

Parties' settlement offers constitute relevant but not conclusive evidence of the amount in controversy. *Massmann & Assocs. v. Weihe Eng'rs*, No. 4:25-CV-378-HEA, 2025 WL 1555355, at *3 (E.D. Mo. June 2, 2025). As Defendants emphasize, Springer's initial demand was exceedingly high. But that fact alone is not dispositive, as "assertions made during settlement

negotiations may be motivated by unreliable considerations, such as posturing, or a desire for a quick resolution, rather than an accurate appraisal of the merits of the claim." *Id.* (citations omitted). Indeed, Bustio and Velox's own minimal counteroffers temper Springer's demand. Velox's insurer conducted a thorough "review[ of] the medical records" before offering Springer just $5,000, Doc. 23-1 at 1, suggesting that Defendants viewed this offer as a more "accurate appraisal of the merits of the claim," *see Massmann & Assocs.*, 2025 WL 155355, at *3. Defendants then made a second offer of $10,000 with "very little room to move [further]." Doc. 23-2 at 1. The parties' vastly different yet similarly aggressive offers leave the Court with little guidance as to a "plausible" amount in controversy, *see Elliott v. Valvoline*, No. 4:18-CV-01341-AGF, 2018 WL 4853033, at *1 (E.D. Mo. Oct. 5, 2018).

Springer's stipulation, however, settles the issue. The Court may consider a post-removal stipulation "as long as the stipulation can be considered as clarifying rather than amending the original petition." *Hawthorne*, 2026 WL 2291414, at *2 (collecting cases); *cf. Gittemeier v. Liberty Mut. Pers. Ins.*, No. 4:24-CV-1236-JAR, 2025 WL 4634575, at *2 (E.D. Mo. Dec. 2, 2025) (denying remand where stipulation "has all the traits of a last-minute effort to circumvent the upcoming trial"). The Petition merely prays for a sum "in excess of twenty-five thousand dollars," Doc. 8, so Springer's subsequent stipulation clarifies rather than amends his petition, *see Ingram*, 2011 WL 1564060, at *2. And other courts in this District have found similar language—that "damages do not exceed $75,000, exclusive of interest and costs," Doc. 27-1 at 1—sufficient to establish that damages were less than $75,000 at the time of removal, *see, e.g.*, *Hawthorne*, 2026 WL 2291414, at *1; *Fliter v. Werner Enters.*, No. 4:05-CV-2002-CDP, 2005 WL 5834638, at *1 (E.D. Mo. Dec. 14, 2005).

To be sure, Springer's case differs from cases where such stipulations were insufficient in that they overlooked attorney's fees. *See, e.g., Longo v. CCM Partners*, No. 4:25-CV-669-ZMB, 2025 WL 2652879, at *2 (E.D. Mo. Sept. 15, 2025) (breach-of-contract claim); *Werner v. Werner*, No. 4:26-CV-43-ZMB, 2026 WL 1745737, at *2 (E.D. Mo. June 17, 2026) (MHRA claim). Here, however, attorney's fees are unavailable for at least two reasons. First, it does not appear that the instant tort claims permit the recovery of attorney's fees. *See Randolph v. Mo. Highways & Transp. Comm'n*, 224 S.W.3d 615, 619 (Mo. Ct. App. 2007) ("Missouri courts are not allowed to award attorney fees unless provided for by statute, contract or when needed to balance benefits in a court of equity." (citation omitted)). And even if they did, Springer failed to demand such fees in his petition. *See Ruby v. Troupe*, 580 S.W.3d 112, 115 (Mo. Ct. App. 2019) ("To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief."). As such, Springer's binding stipulation sufficiently limits damages below the jurisdictional threshold.[1]

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff Anthony Springer's [23] Motion to Remand. A separate Order of Remand will follow.

So ordered this 9th day of November 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

[1] In any event, Springer is now bound by judicial estoppel in light of his stipulation. *See Pepper v. State Farm Mut. Auto. Ins.*, 2025 WL 3091136, at *3 (E.D. Ark. Nov. 5, 2025). "Under Missouri law, the doctrine of judicial estoppel provides that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . ." *Rolwing v. Nestle Holdings*, 666 F.3d 1069, 1072 (8th Cir. 2012) (abrogated in part on other grounds); *see also Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008). And "Missouri courts in particular have consistently refused to allow litigants to take contrary positions in separate proceedings to ensure the integrity of the judicial process." *In re Contest of Primary Election Candidacy of Fletcher*, 337 S.W.3d 137, 146 (Mo. Ct. App. 2011) (collecting cases).